## Boulware-Allen Shoe Company's Trustee v. Morris.

(Decided February 11, 1916.)

### Appeal from McCracken Circuit Court.

1.  Corporations—When Stockholder Not Liable for Unpaid Part of Stock Subscribed for.—Where a stockholder, when the corporation was solvent, in good faith sold his stock therein to another, and delivered it to the corporation in exchange for his note for half thereof which it held, to be issued by it to the purchaser, in exchange for her note of like amount, upon its becoming bankrupt he is not liable to the creditors of the corporation upon a suit by the trustee in bankruptcy under section 547 Ky. Stats., for the unpaid part of his capital stock, although by mistake the corporation issued to the purchaser only half of the stock.

2.  Corporations—Suit by Trustee in Bankruptcy under section 547 Ky. Stats.—Sale of Stock by Stockholder—Solvency of Corporation—Evidence.—In a suit by the trustee in bankruptcy under section 547 Ky. Stats., to recover of a former stockholder the unpaid portion of his capital stock, evidence examined and held sufficient to support circuit court's finding of fact that the corporation was solvent when the stockholder sold his stock, and that the failure of the corporation to reissue to the purchaser all the stock was due to a mistake on its part.

EATON & BOYD for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

January 31, 1914, the appellee, N. K. Morris, J. P. Boulware and W. G. Allen organized in the city of Paducah and caused to be incorporated under the laws of this State the "Boulware-Allen Shoe Company," with a capital stock of $10,000.00, one-half of which $5,000.00, was subscribed by the incorporators and the half of such half, $2,500.00, paid in before the corporation began business. For the remaining $2,500.00 of stock subscribed notes were executed by the stockholders for the amounts

owing by them, respectively, payable to the corporation. The appellee subscribed for $1,000.00 of the capital stock and paid $500.00 thereof before the corporation began business.  For the remaining $500.00 he executed his note, payable to the corporation, due one day after date.

The corporation began a retail shoe business on the 12th day of March, 1914, having first secured a building, fixtures. and stock of goods.  On the 29th day of June, 1914, the corporation found itself financially embarrassed, and being unable to pay the debts which it had created made a deed of assignment conveying all of its property and assets to a trustee for the benefit of its creditors; but shortly thereafter, upon petition of the creditors, it was adjudged a bankrupt by the district court of the United States for the Western district of Kentucky.  At a meeting of the creditors called by the referee in bankruptcy at Paducah, Kentucky, September 4, 1914, the appellant, A. Y. Martin, was duly elected trustee for the corporation and then qualified as such. On the 22nd day of March, 1915, as such trustee, he brought this action against the appellee, N. K. Morris, in the McCracken circuit court, seeking to recover of him $500.00, balance alleged to be due the corporation upon the $1,000.00 of capital stock for which he subscribed at the time of its organization.  Appellant claimed authority to maintain the action under section 547, Kentucky Statutes, which provides:

"The stockholders of each corporation shall be liable to creditors for the full amount of the unpaid part of stock subscribed for by them, and no stockholder shall be liable because of being a stockholder, for any sum more than to the amount of the unpaid part of stock held by such stockholder of any company, and no transfer of stock shall operate as a release of any such liability existing at the time of such transfer; provided, the action to enforce such liability shall be commenced within two years from the time of transfer."

The answer of the appellee traversed the allegations of the petition and in addition set up as a further defense that he was not liable upon the note for $500.00, executed by him to the Boulware-Allen Shoe Company, because shortly after its execution and before that company became involved, and while it was still solvent, he entered into an agreement with it and Mrs. J. P. Boulware, whereby he sold to her his $1,000.00 of stock in

the company for the sum of $1,000.00, $500.00 of which she then paid him, and at the same time he surrendered to the Boulware-Allen Shoe Company the $1,000.00 of stock that the company might transfer it to her, she executing to it her note for the remaining $500.00 she was to pay therefor, which note the Boulware-Allen Shoe Company agreed to accept and did accept in lieu of the note for that amount it held against the appellee.

By an amended answer it was alleged that when the arrangement between appellee, the Boulware-Allen Shoe Company and Mrs. Boulware, set forth in his original answer, was made, notwithstanding the delivery by him of his stock to the Boulware-Allen Shoe Company to be transferred or reissued to Mrs. Boulware, her payment to him of the $500.00 to reimburse him for what he had paid on the stock, and the execution by her to the Boulware-Allen Shoe Company of the note of $500.00 the latter accepted in lieu of the note of that amount appellee gave it for one-half of the $1,000.00 of stock for which he subscribed, by inadvertence or mistake on the part of the Boulware-Allen Shoe Company, it transferred to itself one-half, or $500.00 worth, of the stock appellee had previously owned and the other half, of the value of $500.00, to Mrs. Boulware, instead of transferring to her the entire stock, amounting to $1,000.00, as agreed by the parties, but that this mistake of the Boulware-Allen Shoe Company was a matter that should have been adjusted between it and Mrs. Boulware and did not prevent his release from liability on the note of $500.00 he had given the Boulware-Allen Shoe Company.

Appellant's reply traversed the averments of appellee's answer and alleged that the transaction made by him of his stock to Mrs. Boulware was without consideration, but did not charge any fraud in the transaction. Upon the issues thus made the case was tried by the court, a jury being waived by the parties. The trial resulted in a judgment dismissing appellant's petition and awarding appellee his costs. From that judgment this appeal is prosecuted.

It appears from the findings of fact and conclusions of law made by the court that the Boulware-Allen Shoe Company was solvent at the time of the transaction resulting in the sale of appellee's stock therein to Mrs. Boulware. The following excerpt from the court's findings will show the reasons for the conclusions as to the

solvency at that time of the shoe company and with respect to the mistake of the Boulware-Allen Shoe Company in transferring only half of the stock purchased by Mrs. Boulware to her, and also show. the court's conclusion as to the law governing the case:

.''The court finds, further, as a matter of fact, that on the 13th day of April, 1914, the defendant, N. K. Morris, and Mrs. Irene Allen Boulware, entered into a contract, by the understanding and terms of which the said N. K. Morris was to sell to her the $1,000.00 of stock in said Boulware-Allen Shoe Company, for the sum of $1,000.00, and that by mistake and oversight, only $500.00 of said stock was transferred direct by said N. K. Morris to Mrs. Boulware, and by mistake and oversight the other $500.00 was transferred to the company by the said Morris, but for which Mrs. Boulware executed her note to the company and the company surrendered to said Morris .$500.00 of his which it held, and that the real parties to this transfer were Mrs. Boulware and N. K. Morris, and that the company received the note of Mrs. Boulware in lieu of the note which it held of N. K. Morris.

''It further finds, as a matter of fact, that on this same date that this trade was made, Mrs. Boulware had issued to her certificates of stock representing $1,000.00 in said company, but which certificates of stock, although made out to her, were never signed.

''Now the court concludes, as a matter of law, that in view of the facts herein, showing that the company was solvent, on the 13th day of April, 1914, that the trade made between Mrs. Boulware and N. K. Morris by which she took the place of the said Morris and bought his stock from him and executed her note to the company in lieu of the one held by Morris, and in view of the fact that the company was solvent on this date, that such transfer was in good faith and without fraud, and that the said Morris had a right to sell as did Mrs. Boulware to buy such stock, and that the company did not transcend its authority, in view of its solvent condition at that time, in accepting in lieu of the note held by it of N. K. Morris, surrendering such note to the said Morris, and taking the note of Mrs. Boulware in lieu thereof.''

The evidence found in the record does not convincingly establish appellant's contention that the Boulware-Allen Shoe Company was insolvent when appellee sold his stock therein to Mrs. Boulware, nor does it show that

such sale was without consideration; hence we find no cause for disagreeing with the trial court's finding that the Boulware-Allen Shoe Company was then solvent; and if it was then solvent, the transaction between it, appellee and Mrs. Boulware, resulted in no wrong or loss to the corporation or its creditors. The mistake of the corporation in transferring to Mrs. Boulware only half of the stock she purchased of appellee can in no way affect his release from liability upon the note which the company held against him for the unpaid part of the stock he subscribed for. It was a matter of which she might have complained and compelled the company to correct, but the mistake gives to the appellant, as trustee of the latter, no ground for attacking the validity of the transfer of the stock, so far as appellee is concerned.

Judgment affirmed.